Steven L. Taggart, Esq., ISB No. 8551
**OLSEN TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@olsentaggart.com

*Attorney for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In Re: | |
|---|---|
| STEVE WOODROW NORIYUKI, | Case No. 20-40087-NGH |
| | Chapter 7 |
| Debtor. | |

**OBJECTION TO PROOF OF CLAIM NO. 9**

**TO:   UCAN Improveit Const.**
    **401 W. 21st Street**
    **Burley, ID. 83318**

**NOTICE OF DEBTOR'S OBJECTION TO YOUR PROOF OF CLAIM**

**YOU ARE HEREBY NOTIFIED** that the Debtor has filed an objection to your proof of claim filed on May 5, 2025, as Claim No. 9.

**YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** You should read these papers carefully and discuss them with your attorney if you have one.

**YOU ARE HEREBY NOTIFIED** that if you do not want the Court to eliminate or change your claim and you wish to contest the Debtor's Objection to your Proof of Claim, a written reply to the objection, explaining your position, must be filed in duplicate within thirty (30) days from the date that this objection is mailed. You must (1) file the original reply with the U.S. Bankruptcy Court, 801 East Sherman, Pocatello, ID 83201; and (2) mail a copy to the Debtor's attorney, Steven L. Taggart, Esq., P.O. Box 3005, Idaho Falls, ID 83403.  If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the end of the (30) day period.

**YOU ARE FURTHER NOTIFIED** that if the objection is a matter which can be corrected by filing an amended claim, then you may do so prior to the expiration of the thirty (30) day period. Failure to file a written reply will result in the Debtor requesting that the Court enter an Order Disallowing the Claim to the extent objected to.

**BASIS OF OBJECTION:**

1. <u>**This claim is no longer collectible under Idaho law.**</u> UCAN Improveit Const. ("UCAN") in POC 9, pg. 6, asserts $9,000.00 has been owed by the Debtor since September 26, 2018. If such were based on a writing, under Idaho Code 5-216 the statute of limitation for that claim would be five years from September 26, 2018. The Debtor filed for Chapter 7 bankruptcy on January 31, 2020, 492 days into the five-year statute of limitation. UCAN's unsecured claim was listed on Debtor's Schedules as disputed. The bankruptcy stay took effect on January 31, 2020 and then terminated when the Debtor was discharged on June 15, 2020. Under 11 U.S.C. 108(c)(1), and Idaho Code §§ 5-234 and 5-216, UCAN could have filed suit against the Debtor for 1,333 days past June 15, 2020 or until February 8, 2024. Also see *Farms, LLC v. Isom,* 537 P.3d 1241 (Idaho 2023). Instead, UCAN waited to file its claim until May 5, 2025. Thus, the claim is not collectible under Idaho law as past the applicable statute of limitation.

2. <u>**Debtor disputes the total amount of the claim.**</u> UCAN was fired from the job because of shoddy workmanship related to the installation of commercial doors on a project. The Debtor was required to have the doors reinstalled because the doors would not operate and were unsafe. Debtor alleges that those costs offset the value of UCAN's claim.

DATED:    May 14, 2025

OLSEN TAGGART PLLC

*/s/ Steven L. Taggart*
STEVEN L. TAGGART
*Counsel for Steven Woodrow Noriyuki*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 14, 2025, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

PARTIES SERVED:

John O Avery, ch@averylaw.net, twinfalls@averylaw.net, stefani@gmail.com, averybklaw@gmail.com, boise@averylaw.net, pocatello@averylaw.net, lawar78055@notify.bestcase.com, sheli@averylaw.net, pocatello@averylaw.net,jinni@averyl;

Holly E Sutherland on behalf of Defendant Steven C Noriyuki , holly@averylaw.net, averybklaw@gmail.com, boise@averylaw.net
twinfalls@averylaw.net,
lawar78055@notify.bestcase.com,sutherland.hollyb119503@notify.bestcase.com;

Matthew Todd Christensen on behalf of Defendant Whiterun Revocable Trust & Defendant Donna Noriyuki & Defendant Gary Noriyuki & Defendant Joy Baron & Defendant Steven C Noriyuki, mtc@johnsonmaylaw.com, mtcecf@gmail.com, ard@johnsonmaylaw.com, ecf@johnsonmaylaw.com, atty_christensen@bluestylus.com, christensenmr81164@notify.bestcase.com, crb@johnsonmaylaw.com;.

Gary L Rainsdon & on behalf of Trustee Gary L Rainsdon , trustee@atcnet.net, id12@ecfcbis.com, lorir@atcnet.net;

Heidi Buck Morrison on behalf of Plaintiff Gary L. Rainsdon & Trustee Gary L Rainsdon heidi@racineolson.com,  mandy@racineolson.com

Daniel C Green on behalf of Plaintiff Gary L. Rainsdon & Trustee Gary L Rainsdon, dan@racineolson.com,  mcl@racinelaw.net

Paul Norwood Jonas Ross on behalf of Interested Party Decembre A Noriyuki, paul@idbankruptcylaw.com, ross.paulr102673@notify.bestcase.com

William Reed Cotton on behalf of Defendant Steve Woodrow Noriyuki & Interested Party Steven C Noriyuki , wrc@idlawfirm.com, bcl@idlawfirm.com, bjh@idlawfirm.com cottenwr98259@notify.bestcase.com;

Patrick John Geile on behalf of Defendant CBS Holdings 329, LLC , pgeile@foleyfreeman.com, abennett@foleyfreeman.com, r59345@notify.bestcase.com;

Westmark Credit Union, scovert@westmark.org, csimpson905@westmark.org;

US Trustee, ustp.region18.bs.ecf@usdoj.gov.

OBJECTION TO PROOF OF CLAIM NO. 9
Page No. 3

And as otherwise noted on the Court's Notice of Electronic Filing.

  I HEREBY CERTIFY that on May 14, 2025, I served a copy of the above referenced pleading on the following party via postage prepaid, first class, U.S. Mail as indicated:

PARTIES SERVED:

  UCAN Improveit Const.
  401 W. 21st Street
  Burley, ID. 83318

           */s/ Reena Lyon*
           Reena Lyon
           Legal Assistant